# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 14-80570-CIV-DIMITROULEAS/SNOW
Case No. 14-80639-CIV-DIMITROULEAS/SNOW

| |
|---|
| JASON MCBRIDE, Derivatively on Behalf of Nominal Defendant THE ADT CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> NAREN GURSAHANEY, KATHRYN A. MIKELLS, MICHAEL GELTZEILER, THOMAS COLLIGAN, TIMOTHY DONAHUE, ROBERT DUTKOWSKY, BRUCE GORDON, BRIDGETTE HELLER, KATHLEEN HYLE, DINESH PALIWAL, KEITH MEISTER AND CORVEX MANAGEMENT, LP, <br><br> Defendants, <br><br> and <br><br> THE ADT CORPORATION, a Delaware Corporation, <br><br> Nominal Defendant. |

[Caption continues on following page]

| |
|---|
| TEAMSTERS LOCAL 456 ANNUITY FUND, Derivatively on Behalf of Nominal Defendant, THE ADT CORPORATION, <br><br>            Plaintiff, <br><br> vs. <br><br> NAREN GURSAHANEY, KATHRYN A. MIKELLS, MICHAEL S.. GELTZEILER, KEITH A. MEISTER, THOMAS COLLIGAN, TIMOTHY DONAHUE, ROBERT DUTKOWSKY, BRUCE GORDON, BRIDGETTE HELLER, KATHLEEN HYLE, DINESH PALIWAL AND CORVEX MANAGEMENT, LP, <br><br>            Defendants, <br><br>    and <br><br> THE ADT CORPORATION, <br><br>            Nominal Defendant. |

## [PROPOSED] ORDER ON JOINT MOTION FOR ENTRY OF ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING LEAD PLAINTIFFS' COUNSEL

THIS CAUSE came before the Court on a Joint Motion for Entry of Order Transferring and Consolidating Related Actions and Appointing Lead Plaintiffs' Counsel. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1.      Counsel for Defendants have accepted service of the summons and complaint in the above-captioned actions on behalf of their respective clients, without prejudice and without waiver of any of the Defendants' defenses, objections, or arguments in these

3

matters or in any other related matter, including but not limited to those relating to personal or subject matter jurisdiction or venue, except as to sufficiency of service of process.

2. The above-captioned actions, which involve the same subject matter, same defendants, and common questions of law and fact, are related actions that, in the interests of justice and efficiency should be and are hereby consolidated for all purposes, including pre-trial proceedings and trial, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

3. Every pleading filed in these consolidated actions (the "Consolidated Action"), or in any later-filed derivative action consolidated with these actions, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Lead Case No. 14-80570-CIV-DIMITROULEAS/SNOW

IN RE THE ADT CORPORATION DERIVATIVE LITIGATION
_____

This Document Relates To:

    ALL ACTIONS

4. When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "This Document Relates to" in the caption set out above. When a pleading or other court paper is intended to be applicable to only one, but not all, of such actions, the party filing

4

the document shall indicate the action to which the document is intended to be applicable by identifying the named plaintiff and the docket number.

5. The files of these consolidated actions shall be maintained in one file under Lead Case No. 14-80570-DIMITROULEAS/SNOW.

6. The federal securities law action entitled *Henningsen* v. *The ADT Corporation*, Case No. 14-80566-DIMITROULEAS (the "Securities Action"), which is also pending before this Court, is also a related action, involving some of the same defendants and transactions and occurrences.

7. Plaintiffs in this Consolidated Action shall either (i) serve and file a consolidated amended derivative complaint (the "Consolidated Complaint") that shall serve as the operative complaint in this matter and shall supersede any other related derivative complaint filed in or transferred or removed to this Court, or (ii) notify the Court and Defendants that one of the already-filed complaints shall serve as the operative Consolidated Complaint, within forty-five (45) days after lead plaintiff in the Securities Action either (a) serves and files an amended or consolidated complaint that shall serve as the operative complaint in the Securities Action, or (b) notifies the Court that an already-filed complaint in the Securities Action shall serve as the operative complaint in that action.

8. It would be duplicative and wasteful of the Court's and the Parties' resources for Defendants to have to respond to the individual McBride and Teamsters complaints before the agreed upon consolidation and the filing of, or notification concerning, the Consolidated Complaint.  Therefore, Defendants need not respond to either of those two complaints, or to any other related derivative complaint that may subsequently be filed in or transferred or removed to this Court, until forty-five (45) days after (i) the Consolidated

Complaint is served and filed, or (ii) Plaintiffs provide notice to the Court and Defendants that one of the already-filed complaints shall serve as the operative Consolidated Complaint.

9. If Defendants file a motion to dismiss the Consolidated Complaint, Plaintiffs shall have forty-five (45) days to respond to the motion to dismiss, and Defendants shall have twenty-one (21) days to file reply papers.

10. The Parties understand that discovery will be stayed in the Securities Action pursuant to the Private Securities Litigation Reform Act of 1995 if defendants in that action file a motion to dismiss.

11. Since many of the witnesses and documents relevant to the Securities Action will likely be relevant to this Consolidated Action as well, discovery in this Consolidated Action (if any) should be coordinated with discovery in the Securities Action (if any).

12. Discovery in the Consolidated Action shall be coordinated with discovery in the Securities Action, and therefore discovery in the Consolidated Action shall be stayed to the extent there is a stay of discovery in the Securities Action.  Accordingly, if defendants in the Securities Action do not file a motion to dismiss the operative complaint in that action, discovery in the Consolidated Action shall be stayed until thirty-five (35) calendar days after the filing of the first answer by the last responding defendant in the Consolidated Action, at which time the parties shall file a Joint Scheduling Report and Joint Proposed Order pursuant to Local Rule 16.1.B.2.  If, as anticipated, defendants in the Securities Action do file a motion to dismiss the operative complaint in that action, discovery shall be stayed in the Consolidated Action for as long as discovery is stayed in the Securities Action, provided,

however, that Plaintiffs may move to lift the stay of discovery in the Consolidated Action for good cause shown.

13. Lead Counsel for Plaintiffs for the conduct of this Consolidated Action shall be: SAXENA WHITE P.A., Joseph E. White, III (Fla. Bar No. 621064), Jonathan M. Stein (Fla. Bar No. 0009784), and Lester R. Hooker (Fla. Bar No. 0032242), and JOHNSON & WEAVER, LLP., Frank J. Johnson (CA Bar No. 174882) and Michael I. Fistel, Jr. (GA Bar No. 262062).

14. Plaintiffs' Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and order of this Court.

15. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiff except through Plaintiffs' Lead Counsel.

16. Defendants' counsel may rely upon all agreements made with Plaintiffs' Lead Counsel and such agreements shall be binding on all plaintiffs.

17. This Order shall apply to any shareholder derivative action arising out of the same or substantially the same transactions and occurrences as these actions that is subsequently filed in or transferred or removed to this Court.

18. If a case that properly belongs as part of this Consolidated Action is hereafter filed in this Court or transferred or removed to this Court, counsel for the Parties shall notify the clerk of the Court and cooperate in assuring that counsel in any such subsequent action receives notice of this Order. Any such action shall be consolidated with these consolidated actions.

19. The consolidation of these actions is for the procedural and administrative convenience of the Court and the Parties and does not constitute a waiver or compromise of any right any of the Parties would otherwise have.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of June, 2014.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record