UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80570-CIV-DIMITROULEAS/SNOW

IN RE THE ADT CORPORATION DERIVATIVE
LITIGATION
_____

This Document Relates To:

    ALL ACTIONS

**<u>ORDER DISMISSING CASE</u>**

THIS CAUSE is before the Court on Plaintiffs' Notice of a Stockholder Litigation Demand Upon the Board of Nominal Defendant ADT ("Notice"), filed May 15, 2015 (DE 75). The Court has reviewed the Notice and Defendants' Response (DE 77), and is otherwise fully advised in the premises.

In the Notice, Plaintiffs Jason McBride, Teamsters Local 456 Annuity Fund, and Charles Zimmerman ("Plaintiffs"), provide notice that as a result of the Delaware Court of Chancery's opinion in *Ryan* v. *Gursahaney, et al.*, C.A. No. 9992-VCP (Del. Ch. Apr. 28, 2015), Plaintiffs have made a stockholder litigation demand upon the Board of Directors of ADT Corporation on May 15, 2015 ("Demand"). Given the issuance of the Demand, Plaintiffs ask the Court to enter either (1) an order staying the action until such time as ADT's Board has responded to Plaintiffs' Demand and Plaintiffs determine whether to seek leave to amend or dismiss Plaintiffs' Complaint, or (2) an order dismissing the Amended Complaint without prejudice. Plaintiffs submit that staying the action is the more practicable and efficient of the two alternatives because dismissing the complaint

would require the filing of a new case, which would necessitate the payment of filing fees and serving Defendants.

The Court construed Plaintiffs' Notice (DE 75) as a motion and required Defendants to file a Response to the relief requested in the Notice. (DE 76.) In their Response (DE 77), filed herein on May 18, 2015, Defendants urge this Court to dismiss this action. Plaintiffs insist that staying the action would be inappropriate because "that a dispute might arise at some point in the future, concerning a demand that did not even exist at the time this complaint was filed (and has yet to be responded to), cannot justify staying (rather than dismissing) the current complaint. Plaintiffs admit that they now have no claim; thus, the complaint should be dismissed." (DE 77 at 2.)

Plaintiffs filed their Consolidated Shareholder Derivative Amended Complaint (DE 39) on August 5, 2014. Plaintiffs had notice as early as August 29, 2014 that Defendants would raise "arguments concerning Plaintiffs' failure to make a demand on the ADT board, a central issue." (DE 42 ¶ 5.) Yet, Plaintiffs did not make their Demand until May 15, 2015. Although Plaintiffs submit that they might amend their Complaint to assert claims following the board's response to the Demand, the fact remains that those claims are not in existence at this time. If the board rejects Plaintiffs' demands, Plaintiffs have the option of filing a new action alleging wrongful refusal. The mere prospect that Plaintiffs would incur fees if they were to file a new action does not outweigh the burden that imposition of a stay would have on Defendants and the Court associated with, *inter alia*, the review of regular court-ordered status reports filed by Plaintiffs. For all of these reasons, the Court concludes that a stay is not warranted and that dismissal of this action is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This action is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk shall **CLOSE** this case and **DENY** as pending motions as moot, including Defendants' pending Motions to Dismiss (DE 46, 47 & 48), without prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of May, 2015.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record